JOHN L. MARSHALL, PLAINTIFF AND APPELLEE, v. J. PHIPPS ROE, DEFENDANT AND APPELLANT.

The Evidence examined and *Held*, to support the decree of the district court.

APPEAL from the district court of Douglas county. Heard below before NEVILLE, J.

*O. H. Ballou*, for appellant.

*R. W. Patrick*, and *J. L. Webster*, for appellee.

REESE, J.

This action was instituted to foreclose a real estate mortgage given to secure the payment of a promissory note for the sum of $3,000 executed by defendant to plaintiff, and on which was endorsed a payment of $1,052.78. The answer of defendant contains, as its principal averments of defense, that at the time of the execution of the note

and mortgage declared on, a certain contemporaneous agreement in writing was made by the parties whereby it was intended to limit the terms of the note by prescribing the method of payment. The agreement is set out at length in the answer, but need not be here copied. The substance is, that the parties enter into a partnership for the purpose of buying, feeding and selling sheep. Plaintiff put into the business the sum of $6,000. For one half of this sum—$3,000—defendant executed the note and mortgage in question. It was further agreed that plaintiff should retain the proceeds of sales of sheep until he should be reimbursed the said $3,000 and its interest at eight per cent, and until he should be reimbursed his share of the original advance of money and any other sums he might advance during the existence of the partnership; one half of the proceeds of sales of sheep by plaintiff to be retained by him and first applied on the note until it should be paid.

Upon a trial of the cause the court found in favor of the plaintiff and rendered a decree of foreclosure. From this decree defendant appeals. The principal contention of appellant is that the decree is not sustained by sufficient evidence.

In our examination of the case we must be governed by the repeated holdings of this court, that where there is a a conflict in the testimony the decision of the trial court will not be reversed unless clearly and manifestly wrong. Therefore, in all matters which are vital and material, where the testimony is evenly divided, the decision must be upheld.

The testimony shows that the partnership was entered into and the business carried on substantially as agreed, and that other moneys were borrowed and expenses incurred which were paid out of the partnership assets by plaintiff before any appropriation was made to the payment of the note in question.

We have carefully examined all the testimony in the

case, and can find no agreement made subsequent to the execution of the written contract by which its terms were changed as to the mode of payment of the note, and therefore conclude that the trial court found no such change to have been made. It does appear from the testimony, however, that the proceeds of the sales of sheep were not first applied to the payment of this note, as agreed, but that they were applied to the payment of other debts contracted by the firm subsequent to the making of the note and mortgage; and that this application was made by plaintiff, but of which defendant had knowledge and in some instances contributed thereto himself, although, perhaps, acting under the instructions of plaintiff.

We think the decision in this case must turn upon the effect of the actions of defendant in the final closing up of the business affairs of the firm. There was evidence by which the trial court would be justified in finding that after the property had, substantially, all been disposed of, there was a final adjustment of the financial matters between the parties, and that defendant ratified all the acts of plaintiff in appropriating the money of the firm to the payment of its debts. It appears that in an examination of the accounts by the parties, presented by plaintiff, a general balance was struck, and there was found to be $2,105.56 on hand in the possession of plaintiff. In their book of accounts the following entry, to the credit of plaintiff, occurs:

"By cash turned into firm and divided bet. partners and Roe's ½ thereof, $1,052.78, endorsed upon his note, favor Mr. Marshall for sum of $3,000 given June 6, 1883."

Also:

"Memoranda, assets undivided:

"Neb. Nat. Bank, cash............................$8.22

"Left with Mosher—

"1 Bay Mare, 1 Lumber Wagon,

"1 Cook Stove and Furniture,

"1 Pump, 3 Pans."

These entries, and the endorsement of the credit of $1,-052.78 on the note in suit, were all made by defendant in his own handwriting, and were made after the sheep had all been sold and accounted for and the appropriations of the proceeds made.

Was this not a ratification by defendant of all that had been done by plaintiff, and of which defendant had knowledge? We think it was. The money had been paid upon the indebtedness of the firm which, unaffected by the contract of agreement, was the proper appropriation, for it was a debt of defendant as much as the one here in question. The obligation to pay was the same. Had the appropriation been made without the knowledge or consent of defendant, and without his subsequent approval, the result might have been different; but when he has received the benefit of the partnership fund applied to the payment of the firm indebtedness, and so far approved it as to balance up the account and apply the remainder to the payment in part of his note, he will be treated as having ratified all the acts of plaintiff and will be bound thereby.

It is true that the explanation of these acts of defendant might, and probably should, have convinced the trial court that he should not be held as adopting the course pursued by plaintiff, but of this the trial court was the judge.

It follows that the decree of the district court must be affirmed.

DECREE AFFIRMED.

THE other judges concur.